UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.0:22-cv-60621-AHS

RICHARD KLIMA,

        Plaintiff,

vs.

RAUSCH STURM LLP,

        Defendant,

_____/

## DEFENDANT'S VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW

Defendant, Rausch Sturm LLP, by and through undersigned counsel, pursuant to 15 U.S.C. §1692k, and Fla. Stat §559.77, 28 U.S.C. § 1927, this Court's inherent authority and Local Rule 7.3, moves for the award of attorney's fees and costs to be assessed against Plaintiff, Richard Klima, and Plaintiff's counsel, and states as follows:

## MOTION FOR ATTORNEY'S FEES AND COSTS

1.    On or about March 26, 2021, Defendant Rausch Sturm sent a letter regarding an amount owed to Portfolio Recovery ("PRA") $9,847.38. See Complaint, ¶¶ 29, 30 [DE1-1]; March 26, 2021 letter to Richard Klima attached as Exhibit 1.

2.    Seven months later, sometime around October, 2021, Plaintiff Klima, through his counsel at The Law Offices of Jibrael S. Hindi, PLLC, negotiated a settlement with Portfolio Recovery Associates, LLC ("PRA"), whereby Plaintiff Klima released "PRA, and its officers. directors, members, employees, agents, representatives, law firms. attorneys, divisions,

executors, successors, assigns, parent corporations, affiliates, to include, but not limited to, predecessors in interest with respect to the account(s) referenced herein, subsidiaries, shareholders and insurers from any and all claims, actions, causes of action, and demands, known or unknown, which Richard Klima has or may have arising out of PRA's and its attorneys and law firm's attempts to collect the Debt from Richard Klima." See Full and Final Release, signed October 28 and November 1, 2021, attached as Exhibit 2 ("the Release")(the Release is redacted in part due to a confidentiality provision, but can be provided to the Court in its entirety if needed). The Release defined the Debt as "any and all obligations related to U.S BANK NATIONAL ASSOCIATION D/B/A ELAN FINANCIAL SERVICES Account Number ending #8369 with an approximate balance of $9,847.38 (the "Debt")". Id.

3.  Thereafter, Plaintiff, Richard Klima, commenced this action by filing a complaint against Defendant, Rausch Sturm LLP, in the County Court of Broward County, Florida, Case Number COCE-22-010299, on or about February 21, 2022. See Complaint [DE 1-1]. Defendant Rausch Sturm was served with the complaint on or about February 25, 2022.

4.  Plaintiff's Complaint asserts claims against Defendant relating to Defendant's efforts to collect the $9,847.38 amount owed to PRA. See Complaint. Specifically, Plaintiff alleges that Defendant violated sections 1692c(b), 1692e and 1692g of the Fair Debt Collection Practices Act 15 U.S.C. §1692 ("FDCPA") (Counts 1, 2, and 4), and section 559.72(5) of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA") (Count 3). Plaintiff's claims arise out of Defendant Rausch Sturm's attempts to collect a $9,847.38 on behalf of PRA related to a March 26, 2021 letter sent to Plaintiff. See Complaint, ¶¶ 29, 30; March 26, 2021 letter to Richard Klima attached as Exhibit 1. That is the same debt and claims that were settled and released in October 2021 – more than seven (7) months after the letter.

5. After being assigned the defense of Defendant Rausch Sturm in this litigation, during a telephone conference on March 14, 2022, undersigned counsel advised Plaintiff's counsel Hindi that it appeared that attorney Hindi and his firm had sued Rausch Sturm for claims related to the collection of the same debt subject to the release. Plaintiff's counsel asked for more information and said he would look into it.

6. On March 17, 2022, undersigned counsel followed up to Plaintiff's counsel Hindi's request and wrote to Mr. Hindi, enclosed the release, and advised as follows:

> "It is my understanding that Mr. Klima has released his claims against Rausch Sturm LLP. A copy of the Release is attached.
>
> Rausch Sturm requests that Mr. Klima dismiss the action against Rausch Sturm LLP in order to avoid the incurrence of any additional labor, attorney's fees and costs."

See March 17, 2022, Email from D. Hartnett to J. Hindi and Tom Patti attached as Ex. 3.

7. Attorney Hindi wrote back on March 17, 2022, and asked "Can you show me the language you are relying on in drawing your conclusion that your client was released?" See March 17, 2022, Email from J. Hindi to D. Hartnett attached as Ex. 4.

8. The next day, on March 18, 2022, undersigned counsel followed up to Plaintiff's counsel Hindi's request and wrote to Mr. Hindi and Mr. Patti, and advised as follows:

> "Jibreal
>
> As to yours below, please forward the letter referenced in paragraph 29-30 of the complaint. It is my understanding that the release references the same claims and obligation of $9,847.38 as the obligation alleged in the Complaint. Further, it is my understanding that Rausch Sturm only handled one account for PRA related to Mr. Klima, which is the account referenced in the Release ($9,847.38), and my guess is that the letter you reference in the complaint is a letter related to the representation of PRA by Rausch Sturm.
>
> Mr. Klima released "PRA, and its officers. directors, members, employees, agents, representatives, law firms. attorneys, divisions, executors, successors, assigns, parent corporations, affiliates, to include, but not limited to, predecessors in interest with respect to the account(s) referenced herein, subsidiaries, shareholders and insurers from any and all claims, actions, causes of action, and demands, known or unknown, which Richard

3

> Klima has or may have arising out of PRA's and its attorneys and law firm's attempts to collect the Debt from Richard Klima."
>
> Rausch Sturm again requests that Mr. Klima dismiss the action against Rausch Sturm LLP in order to avoid the incurrence of any additional labor, attorney's fees and costs.

See March 18, 2022, Email from D. Hartnett to J. Hindi and Tom Patti attached as Ex. 5.

9. Plaintiff's counsel did not respond further to undersigned counsel.

10. Defendant removed this action to this Court on March 26, 2022. See Notice of Removal [DE 1].

11. On March 28, 2022, this Court and Clerk issued and served upon Plaintiff's and Defense counsel the Clerk's Notice of Assignment [DE 2], Notice of Court Practice [DE 3], and Paperless Order to File Certificate of Interested Persons [DE 4].

12. Thereafter, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice in the state court action on March 28, 2022. See Notice of Voluntary Dismissal Without Prejudice – Florida Circuit Court, attached as Ex. 6.

13. This court later served its March 28, 2022, Order requiring Scheduling Report. [DE 5].

14. On March 29, 2022, Plaintiff filed a Notice of Voluntary Dismissal without Prejudice in this action. [DE 6].

15. On March 29, 2022, this Court issued and served it's Order of Dismissal in this federal action, and dismissed the action without prejudice. [DE 7].

16. Defendant as the movant complied with Local Rule 7.3 and furnish Plaintiff's counsel with a draft motion for attorney's fees. As described below, Plaintiff, through counsel, declined to provide a written response to the draft motion, claiming Plaintiff as the responding party was not obligated to do so until after the motion was filed and after entitlement had been

Case No. 0:22-cv-60621-AHS

established.  Undersigned counsel conducted two or three telephone conferences with Plaintiff's counsel about the motion and need for Plaintiff's response, and exchanged further e-mail correspondence requesting a written response, but Plaintiff did not respond substantively other than to state Defendant was not entitled to the award of attorney's fees and costs.

17. Defendant moved on an agreed basis for an enlargement of time to file the motion for attorney's fees and costs. [DE 9]. This Court granted the motion and enlarged the time to file the Motion for Attorney's Fees and Costs up to June 30, 2022. [DE 10].

18. Defendant moves for an initial award of attorney's fees and costs in the amount of $2,544.00, plus interest, against Plaintiff and Plaintiff's counsel. Pursuant to Local Rule 7.3.A.(ii), that amount represents a fair estimate of attorney's fees incurred and sought by Defendant through the time around the March 29, 2022, Order of Dismissal. The Declaration of David P. Hartnett attesting to such is attached as Exhibit 7 to this Motion. The underlying invoice(s) describing the work performed by Hartnett Law P.A. has been filed as an Exhibit to David Hartnett's Declaration. All of those materials are incorporated herein by reference.

19. Defendant also plans to move for a supplemental award of attorney's fees related to the dispute over the entitlement and amount of attorney's fees, and currently estimates that will be another twelve to fifteen hours of work-in-progress that has not been billed. The Declaration of David P. Hartnett attesting to such is attached as Exhibit 7 to this Motion.

20. Pursuant to Local Rule 7.3.(a)(4), Defendant discloses that Defendant has agreed to pay Hartnett Law PA fees and costs for the services rendered in the defense of this lawsuit at the rate in the billing charges/invoices disclosed. The hourly rate charged by David P. Hartnett for representation of Defendant in this matter is $340 per hour. The Court is referred to the Declaration of David P. Hartnett attesting to such.

21.     Additionally, Defendant moves for an award of attorney's fees in the total amount of $2,544.00, plus interest, and supplemental fees, to be taxed against Plaintiff's counsel pursuant to 28 U.S.C. §1927. Pursuant to Local Rule 7.3(a)(5), invoice(s) reflecting the number of hours reasonably expended, the basis of those hours, the hourly rate, charges, and identity of each timekeeper are attached as Exhibits to the Declaration of David Hartnett.

22.     Counsel for Defendant certifies that he has fully reviewed the supporting data and that this Motion is well grounded in fact and is justified. See Declaration of David P. Hartnett. The incorporated memorandum of law below supports this Motion for Attorney's Fees with particularity. Defendant does not request a hearing on this Motion.

23.     Pursuant to Local Rule 7.3(a)(8), counsel for Defendant certifies that it conferred with opposing counsel in writing in a good faith attempt to resolve the issues presented in this Motion, and that Plaintiff's counsel advised that Plaintiff did not have to present a written response with particularity to Defendant's draft motion submitted, and further, Plaintiff disputes that Defendant is entitled to the award of any attorney's fees and costs.

24.     Plaintiff released the claims arising out of and related to the collection of the PRA debt in October 2021. That was seven months after Defendant Rausch Sturm has sent the letter alleged in the Complaint that forms the basis of Plaintiff's claims in the lawsuit. The Release executed by Plaintiff Klima was shepherded through the representation of Plaintiff Klima by The Law Offices of Jibrael S. Hindi, PLLC and its lawyers. Despite having released the claims - not only against PRA, but also PRA's attorneys and law firm's attempts to collect the debt from Klima – Plaintiff Klima and his attorneys at The Law Offices of Jibrael S. Hindi nevertheless initiated a lawsuit against Defendant Rausch Sturm. Then, after undersigned counsel pointed out the Release to Plaintiff's counsel and demanded the action be dismissed,

Plaintiff and Plaintiff's counsel did not dismiss. When no response was forthcoming and Plaintiff and counsel did not dismiss the action, undersigned counsel removed the action to this Court. It was only after Defendant had to go through the cost and expense of removing the action to this Federal court, and the Court having entered orders, notices and directives, that Plaintiff then filed notices of voluntary dismissal without prejudice in both the Florida and Federal actions.

25. The record reveals that this lawsuit was a vexatious attempt to harass and intimidate Rausch Sturm LLP to run up attorney's fees in hopes of manipulating Rausch Sturm to settle. From the initial stage of this lawsuit, Plaintiff's counsel was advised of the release; but regardless, Plaintiff and counsel continued on in bad faith. It is evident that Plaintiff had no valid claim against Rausch Sturm, and but Plaintiff, through Plaintiff's counsel, brought this case anyway without any basis in fact or law. The history outlined above demonstrates that the amount of attorney's fees incurred by Rausch Sturm was due to actions of Plaintiff and Plaintiff's counsel that were unreasonable, vexatious, and conducted in bad faith, which multiplied the proceedings.

26. Plaintiff and Plaintiff's attorneys have brought Plaintiff's claims in bad faith and for purposes of harassment, and the actions were vexatious and without basis in law or fact, and merit the award of attorney's fees and costs in favor of Defendant pursuant to 15 U.S.C. §1692k, Fla. la. Stat §559.77, 28 U.S.C. § 1927, this Court's inherent authority.

Case No. 0:22-cv-60621-AHS

## MEMORANDUM OF LAW

**I.     Defendant is Entitled to Attorney's Fees Because Plaintiff Has Failed and Refused to Comply with Local Rule 7.3(b)**

Pursuant to Local Rule 7.3(b), undersigned counsel served Plaintiff's counsel with a draft motion for attorney's fees on April 29, 2022. Plaintiff's counsel has taken the position that Plaintiff did not have to respond with a written response describing in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and declined to provide supporting legal authority. Undersigned counsel had two or three different telephone calls with Plaintiff's counsel and exchanged multiple e-mails attempting to comply with the obligations to have a good faith conference and exchange the required written descriptions of Plaintiff's objections both as to issues of entitlement and amount, with supporting legal authority.

Plaintiff takes the position that Plaintiff simply has to object that Defendant is entitled to the requested award of attorney's fees and costs, and does not have to provide a written detailed response in compliance with Local Rule 7.3(b) because Defendant has not obtained an award of entitlement to attorney's fees. See Emails dated April 29, May 11, 25, 26, 2022 to and from David Hartnett and Thomas Patti attached as Composite Exhibit 8. To date, Plaintiff has not furnished any written response to other than to state Defendant is not entitled to attorney's fees and costs. Based upon Plaintiff and Plaintiff's counsel's refusal to comply with Local Rule 7.3(b), this Court should grant the motion and award attorney's fees and costs. Club Madonna, Inc. v. City of Miami Beach, 2015 WL 5559894 at 9 (S.D. Fla., Sept. 22, 2015).

In Club Madonna, the City of Miami Beach had obtained a previous release of claims "arising out of, relating to, or involving the subject matter of" a 2008 Lawsuit. Id. at 1-2. Club

Madonna later filed suit in Florida state court in 2013. Id. The City of Miami Beach removed the case to the United States District Court for the Southern District of Florida, and thereafter obtained a dismissal. In holding that the Defendant was entitled to an award of attorney's fees and costs, the court observed the following:

> "As one court in this district has noted, Local Rule 7.3's requirements are not optional, but mandatory." Sriskada v. Harbor Pita, Inc., No. 14–20526–CIV, 2014 WL 3908206, at *1 (S.D. Fla. Aug. 11, 2014) (citing Norych v. Admiral Ins. Co., No. 08– 60330–CIV, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010)); see also Maale v. Kirchgessner, No. 08–80131–CIV, 2011 WL 1549058, at *5 (S.D. Fla. Apr. 22, 2011) (noting in relation to Local Rule 7.3 that "[s]trict compliance with the Local Rules is always preferred and non-compliance may warrant appropriate sanctions"). The Court agrees with Judge Goodman that Plaintiffs' failure to comply with Local Rule 7.3 is grounds for granting the City's requested amount of fees, if otherwise reasonable. See Maale, 2011 WL 1549058, at *5; see also Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (finding that a failure by the non-moving party to comply with a local rule requiring the non-movant's response to a summary judgment motion to contain individually numbered, concise, non-argumentative responses corresponding to each of the movant's enumerated material facts is the functional equivalent of an unopposed motion for summary judgment, since compliance with local rule is the only permissible way for non-movant to establish a genuine issue of material fact). Judge Goodman exercised his discretion in declining to recommend that the Court grant the City's entire fee request as to Count I "based solely on" Plaintiffs' non-compliance Local Rule 7.3 (although he ultimately recommended that the Court grant almost the entire fee request on the merits). (Report at 23.) The Court is not so lenient when a party flippantly disregards the Local Rules—especially rules that are designed to conserve the Court's resources—and finds that Plaintiffs waived their objections to the City's fee request as to Count II by failing to comply with Local Rule 7.3(b). See Mann, 588 F.3d at 1303.

Here, Plaintiff declined and refused to comply with Local Rule 7.3(b) and provide a written response describing in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and declined to provide supporting legal authority. Accordingly, Defendant's motion should be granted.

## II. Defendants Are Entitled to Attorney's Fees and Costs against Plaintiff's Counsel Pursuant to 28 U.S.C. § 1927

Defendant should be awarded attorney's fees against Plaintiff's counsel pursuant to 28 U.S.C. §1927, as it was unreasonable and vexatious for them to instigate after they had already negotiated a Release with PRA. Section 1927 provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United State or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.
>
> The Eleventh Circuit reiterated the requirements for recovery under Section 1927:
>
> [T]he plain language of the statute imposes three essential requirements for an award of sanctions under § 1927: First, the attorney must engage in 'unreasonable and vexatious" conduct. Second, that 'unreasonable and vexatious" conduct must be conduct that 'multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the 'costs, expenses, and attorney's fees treasonably incurred because of such conduct."

Amlong & Amlong, P.A. v. Denny's, Inc., 457 F.3d 1180, 1190 (11th Cir. 2006) (quoting Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997)). The Eleventh Circuit further explained that this standard requires that the attorney's conduct be 'so egregious that it is 'tantamount to bad faith.'" Id. (quoting Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991)). The Court went on to state that an objective standard applies, advising 'a district court may impose sanctions for egregious conduct by an attorney even if the attorney acted without the specific purpose or intent to multiply the proceedings." Id. at 1191-92. However, the Court cautioned 'the attorney's subjective state of mind is frequently an important piece of the calculus . . . ." Id. at 1192.

As explained in further detail in the background section of this motion, the record reveals that Plaintiff and Plaintiff's counsel knew that the claims pursued were released. Nevertheless, Plaintiff's counsel continued to pursue claims.

Moreover, from the onset of this case, Plaintiff's counsel was advised shortly after the action was filed in state court that Defendant contended that the Release applied to the claims. On March 17, 2022, Plaintiff's counsel requested direction to the specific language pertaining to Defendant's position the claims were released. Such was forwarded to Plaintiff's counsel on March 18, 2022. Certainly, Plaintiff and his counsel were advised very early on in this litigation that the claims had been released – and that occurred before Defendant removed the action to this Court. Thus, it was unreasonable and vexatious for Plaintiff's counsel to continue to assert such claims against the Defendant when they had already been released in a settlement shepherded for Plaintiff by Plaintiff's counsel. As a result, Plaintiff's counsel should be ordered to be jointly liable to Defendant for $2,544.00, plus supplemental attorney's fees to be presented and awarded later. Conner v. BCC Fin. Mgmt. Servs., Inc., 597 F. Supp. 2d 1299 (S.D. Fla. 2008).

**III.    Defendant is Entitled to Attorney's Fees and Costs against Plaintiff Pursuant to 15 U.S.C. § 1692k**

The FDCPA provides that '[o]n a finding by the court that an action ‗ was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." See 15 U.S.C. § 1692k(a)(3). 'The hallmark of a bad-faith lawsuit is one 'where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass ‗ rather than to obtain a favorable judgment.'" Black v. Equinox Financial

11

Management Solutions, Inc., 444 F. Supp. 2d 1271, 1275 (N.D. Ga. 2006)(citing Glick v. Koenig, 766 F. 2d 265, 270 (7th Cir. 1985)). There must be evidence that the Plaintiff both knew that his claim was meritless and pursued it with the purpose of harassing the defendant. Conner v. BCC Fin. Mgmt. Servs., Inc., 597 F. Supp. 2d 1299 (S.D. Fla. 2008); Victor v. Petrousky, 2020 WL 7401604 * 3 (M.D. Fla. 2020); Jacobson v. Healthcare Financial Services, Inc., 434 F. Supp. 2d 133, 141 (E.D.N.Y. 2006)(citing Spira v. Ashwood Financial, Inc., 358 F. Supp. 2d 150, 161 (E.D.N.Y. 2005)).

The court in Black found that, by the close of discovery, plaintiff should have realized that he had not produced a scintilla of evidence indicating that defendant had violated the FDCPA. See Black, 444 F. Supp. 2d at 1275. As the court in Black further explained, the fact that plaintiff 'continued to press his claim through summary judgment can only be attributed to a bad faith effort to run up attorney's fees and costs in hopes of a last minute settlement or to a similarly bad faith gamble that the claim might proceed to trial despite lack of merit." Id. at 1276.

Here, it is evident that Plaintiff acted in bad faith, by filing and continuing to litigate this matter knowing full well that the claims had been previously released. This is true from both an objective and subjective standard. Plaintiff's execution of the Release and later pursuit of this litigation against Defendant was a knowing and reckless pursuit of released claims. As in Black, Plaintiff's continual pursuit of these frivolous claims can only be attributed to a bad faith effort to run up attorneys' fees and costs in an attempt to persuade Defendant to settle. Id. Accordingly, Rausch Sturm is entitled to its attorneys' fees pursuant to 15 U.S.C. § 1692k.

### IV. **Defendant is Entitled to Attorney's Fees and Costs against Plaintiff Pursuant to Florida Statutes § 559.77**

The FCCPA provides that if the court finds that the suit fails to raise a justiciable issue of law or fact, the plaintiff shall be liable for court costs and reasonable attorney's fees incurred by the Defendant. See § 559.77(2), Fla. Stat. As discussed in detail above, it was always evident to Plaintiff that the claims asserted against Rausch Sturm for the collection of the amount owed to PRA were released when Plaintiff executed the Release in October 2021, and failed to raise a justiciable issue of law or fact. Accordingly, Rausch Sturm is also entitled to its attorneys' fees pursuant to Florida Statutes § 559.77(2). See Conner v. BCC Fin. Mgmt. Servs., Inc., 597 F. Supp. 2d 1299 (S.D. Fla. 2008); Victor v. Petrousky, 2020 WL 7401604 * 5 (M.D. 2020).

### V. **Defendant Is Entitled to Attorney's Fees and Costs Pursuant to This Court's Inherent Authority**

For the reasons express previously, Defendant is also entitled to the award of attorney's fees and costs pursuant to this Court's inherent authority. This power derives from common law; courts possess the "inherent power" to award attorneys' fees to a prevailing defendant when a plaintiff has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240, 258-59 (1975). Bad faith is determined by conduct and motive, rather than on the case's validity. Murray v. Playmaker Services, LLC, 548 F. Supp. 2d 1378, 1381 (S.D. Fla. 2008), aff'd, 325 Fed. Appx. 873 (11th Cir. 2009) (citing Kreager, 775 F.2d at 1543). In this context, bad faith may include "acts preceding and during litigation." Flores v. Park W. Parking LLC, 2008 WL 11409098, at *8 (S.D. Fla. Feb. 1, 2008) (citing Kreager, 775 F.2d at 1543); see also Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991) ("When it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest."). "The Court may not sanction

13

Plaintiff or his counsel without making specific findings of subjective bad faith conduct." Flores, 06-22055-CIV, 2008 WL 11409098, at *8 (citing Turlington, 135 F.3d at 1438). The Court can also award non-taxable costs under the Court's inherent authority. Wen Liu v. Univ. of Miami, Sch. of Med., 2018 WL 4613326, at *4 (S.D. Fla. Sept. 26, 2018); see also Taverna Imports, Inc. v. A&M Wine & Spirits, Inc., 2019 WL 12446711, at *6 (S.D. Fla. Oct. 2, 2019). Here, it was always evident to Plaintiff and Plaintiff's counsel that the claims asserted against Rausch Sturm for the collection of the amount owed to PRA were released when Plaintiff executed the Release in October 2021. A clear reading of the Release that Plaintiff executed supports this from both objective and subjective standards. The claims asserted by Plaintiff through his counsel were brought in bad faith, for the purposes of harassment, vexatious, and failed to raise a justiciable issue of law or fact. Accordingly, Rausch Sturm is also entitled to its attorneys' fees and costs pursuant to this Court's inherent authority to award fees and costs against a litigant who has pursued the claims in the bad faith manner that Plaintiff and Plaintiff's counsel did here.

Defendant filed a Bill of Costs for the removal filing fee of $402. [DE 8]. However, as of this time, the Clerk has not entered or otherwise granted or awarded costs in favor of Defendant. Accordingly, Defendant moves the Court to award the $402 removal filing fee as part of the award against Plaintiff. Plaintiff may assert that there has been no adjudication on the merits entitling Defendant to the award. However, Defendant should be entitled to the award of costs pursuant to 15 U.S.C. §1692k, Fla. Stat §559.77, 28 U.S.C. § 1927, and this Court's inherent authority. See also, Burton v Vectrus Sys. Corp., 834 Fed. Appx. 444 (10th Cir. 2020).

**The Standard for Determining the Reasonableness of Attorney's Fees**

The starting point in any 'reasonable fee" determination is the calculation of the 'Lodestar," which is the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v. Housing Auth. Of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The burden is on the moving party to establish the prevailing market rate, which is the rate charged in the community by lawyers of reasonably comparable skill, experience and reputation for similar services. Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984). The determination of the appropriate hourly rate may be established either by analyzing the affidavit submitted by counsel, or, if this documentation is insufficient, by relying upon the court's expertise. Norman, 836 F.2d at 1303.

The next step is to determine the amount of reasonable hours, excluding from the claim any '[e]xcessive, redundant or otherwise unnecessary" hours. Hensley, 461 U.S. at 434; Norman, 836 F.2d at 1301. The Supreme Court and Eleventh Circuit have observed that the factors articulated in Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714 (5th Cir.1974) may still be helpful in working through the process of determining a reasonable fee. Hensley, 461 U.S. at 434 n.9, 103 S.Ct. at 1940 n.9; Norman, 836 F.2d at 1299. The 'Johnson factors" are:

> (1) the time and labor required; (2) the novelty and difficulty of the legal questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Case No. 0:22-cv-60621-AHS

See also Florida Rule of Professional Conduct 4-1.5(b) and the factors referred to be considered in determining a reasonable fee. Here, the fees sought by Rausch Sturm pursuant to this motion are reasonable, well-grounded in fact, and justified.

WHEREFORE, for the reasons set forth above, Defendant, RAUSCH STURM LLP respectfully requests that this Court grant this motion and enter an Order awarding Defendant its attorney's fees in the amount of $2,544.00 for which both Plaintiff and Plaintiff's counsel are jointly liable, allow Defendant leave to seek supplemental attorney's fees, and grant Defendant any further relief that this Court deems just and proper including fees and costs incurred in bringing this motion.

VERIFICATION

I VERIFY that I have fully reviewed the time records and supporting data for the costs and attorney's fees requested to be awarded herein, that the costs and services requested in this Motion are correct and were actually and necessarily performed in this case, and that this Motion is well grounded in fact and justified.

/s/ David P. Hartnett

David P. Hartnett, as attorney for Defendant
Florida Bar No. 946631

Dated: June 30, 2022.

Case No. 0:22-cv-60621-AHS

By: */s/ David P. Hartnett*
David P. Hartnett
Florida Bar No. 0946631
Hartnett Law P.A.
8900 S.W. 107th Avenue
Suite 301
Miami, FL  33176
Phone:  305 598-2000
Fax:  305-675-6171
Email:  dhartnett@thehartnettfirm.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2022, I have filed the foregoing with the Clerk of the Court who will use the CM/ECF system which will send a notice of electronic filing to the following persons below.

By: *David P. Hartnett*

**Service List:**

Jibrael S. Hindi
JIBRAEL S. HINDI, ESQ.
Florida Bar No.: 118259
Email: jibrael@jibraellaw.com
THOMAS J. PATTI,ESQ.
Florida Bar No.: 118377
E-mail: tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540